**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 29, 2011

Lyle W. Cayce
Clerk

No. 10-60889
Summary Calendar

MIN YE,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088-367-201

Before BENAVIDES, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Min Ye, a citizen of the People's Republic of China, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) decision to deny his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Ye has abandoned any challenge to the denial of relief under the CAT by failing to adequately argue the issue in his petition for review. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60889

*Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Ye sought immigration relief based on his alleged persecution or fear of persecution on account of his violation of China's family planning policy and his support of Falun Gong.  The IJ denied relief after finding that Ye was not a credible witness, and the BIA upheld the IJ's adverse credibility determination, holding that Ye had failed to meet his burden of proving eligibility for any relief sought.  Ye challenges those negative credibility determinations.

This court reviews an immigration court's findings of fact for substantial evidence.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  "'[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible.'"  *Id.* at 538 (quoting *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)).  This court will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Id.* (internal quotation marks and citation omitted).

The record supports the IJ's determination that Ye's testimony was in some respects internally inconsistent, that the testimony conflicted in some respects with Ye's prior statements, and that Ye had failed to mention in prior statements his 12-hour detention and beating as a result of his support of Falun Gong.  To the extent that Ye argues that his corroborating evidence was not properly considered, the BIA observed that the IJ properly considered the corroborating documents Ye submitted but  observed that his submissions did not ameliorate Ye's failure to present "'otherwise credible testimony.'"  8 U.S.C. § 1158(b)(i)(B)(ii).  The IJ found the corroborating evidence insufficient to meet Ye's burden given that his testimony was "incredible, unreliable, and he rapidly changes it from one question and answer to the next."

2

No. 10-60889

We will not substitute our judgment for that of the BIA or IJ with respect to factual findings based on credibility determinations. *See Wang*, 569 F.3d at 537. Substantial evidence supports the determination of the IJ and BIA denying Ye's application for asylum and withholding of removal. *See id.* at 536-37. In light of the inconsistencies and omissions in Ye's testimony and statements, the evidence is not "so compelling that no reasonable factfinder could conclude against it." *Id.* at 537.

Ye argues that the IJ was hostile and failed to act as a neutral and impartial adjudicator. The Due Process Clause entitles aliens to due process in immigration proceedings. *See Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 302 (5th Cir. 2002). Although the absence of a neutral arbiter can be the basis for a due process claim, *Wang*, 569 F.3d at 540, Ye has not demonstrated such a violation. The IJ's adverse credibility determination "cannot be disturbed simply because [Ye] believes the IJ was unfriendly or even hostile." *Id.* at 540-41.

PETITION DENIED.